IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ATLAS COPCO AB, a Swedish corporation, ATLAS COPCO NORTH AMERICA LLC, a Delaware limited liability company,<br>     Plaintiffs,<br>vs.<br><br>ATLASCOPCOIRAN.COM,<br>ATLASCASPIAN.COM,<br>ATLASCASPIAN.NET,<br>ATLASCASPIAN.ORG,<br>ATLASCASPIAN.BIZ,<br>ATLASCASPIANIR.COM,<br>ATLASCASPIANIRAN.COM,<br>ATLASCASPIAN.US,<br>ATLASCASPIAN.CC,<br>ATLASCASPIAN.TV,<br>ATLAS-CASPIAN.COM,<br>all Internet domain names,<br>     Defendants. | Civil Action No. 1:07cv1208 (GBL/TCB) |

**OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Atlas Copco AB and Atlas Copco North America LLC (collectively "Plaintiffs") have moved this Court for summary judgment in their favor pursuant to Fed.R.Civ.P. 56 and Local Civil Rule 56. For the reasons set forth below, Plaintiffs' Motion for Summary Judgment is GRANTED.

## **PROCEDURAL BACKGROUND**

Plaintiffs filed their Verified Complaint instituting this *in rem* action on December 3, 2007 pursuant to the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125 *et seq.* against ATLASCOPCOIRAN.COM, ATLASCASPIAN.COM, ATLASCASPIAN.NET, ATLASCASPIAN.ORG, ATLASCASPIAN.BIZ, ATLASCASPIANIR.COM, ATLASCASPIANIRAN.COM, ATLASCASPIAN.US, ATLASCASPIAN.CC, ATLASCASPIAN.TV, and ATLAS-CASPIAN.COM (the "Defendant Domain Names"). Plaintiffs have perfected service of the Verified Complaint pursuant to the requirements of 15 U.S.C. § 1125 (d)(2)(B) and this Court's Order to Publish Notice of Action Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb) [Docket Entry 9]. The Defendant Domain Names have failed to respond to the Verified Complaint and the time for doing so has expired.

On December 10, 2007, Plaintiffs filed and served a Motion for a Preliminary Injunction that was scheduled to be heard on January 11, 2008. Entry of this Opinion and Order moots Plaintiffs' Motion for a Preliminary Injunction.

On December 26, 2007, Plaintiffs filed and served a Motion for Summary Judgment that was scheduled to be heard on January 11, 2008. No opposition has been filed to Plaintiffs' Motion for Summary Judgment and the time period for responding to that Motion has expired.

The Court finds that Plaintiffs' Motion for Summary Judgment motion is ripe for determination based upon the pleadings before the Court. Plaintiffs have adopted the allegations set forth in the Verified Complaint as their statement of material facts not in dispute. A verified pleading may be treated as an affidavit and used in any way in which an affidavit would be used, including in supporting a motion for summary judgment. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991) (explaining that "a verified complaint is the equivalent of an opposing affidavit

for summary judgment purposes, when the allegations contained therein are based on personal knowledge"); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1339 (3d ed. 2007) (*citing Fletcher v. Norfolk Newspapers, Inc.*, 239 F.2d 169 (4th Cir. 1956)).

## ANALYSIS

### A. Summary Judgment Standard

The moving party is entitled to summary judgment when the pleadings and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56.

### B. Plaintiffs are Entitled as a Matter of Law to Summary Judgment on their ACPA *In Rem* Claim.

Plaintiffs have met their burden of demonstrating a lack of dispute as to any material fact and are entitled as a matter of law to summary judgment on their ACPA *in rem* claim. The *in rem* cybersquatting provision of the Lanham Act provides:

> The owner of a mark may file an *in rem* action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if—
> (i)  the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subjection (a) or (c); and
> (ii) the court finds that the owner (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or (II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1).

(15 U.S.C. § 1125(d)(2)(A)). Thus, to prevail on summary judgment in this ACPA *in rem* suit, Plaintiffs must establish that there is no genuine issue of material fact with respect to the following three requirements: (1) that the suit was brought in the jurisdiction where the registry for the infringing domain name is located; (2) that *in personam* jurisdiction over a person or

3

entity who would have been a defendant in an *in personam* civil action does not exist, or that such person cannot be found through due diligence; and (3) that a violation of the ACPA is established as a matter of law. 15 U.S.C. § 1125(d)(1)(A); *see also* 3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 25:79 (2006) (*in rem* jurisdiction is available for a violation of 15 U.S.C. § 1125(d) anticybersquatting provisions if plaintiff's mark is registered).

1. **This Court has Jurisdiction Over the Defendant Domain Names.**

Under 15 U.S.C. § 1125(d)(2)(A), the owner of a mark may file an *in rem* civil action against a domain name in the judicial district in which the domain name registry is located. This Court has jurisdiction because the registries of the Defendant Domain Names are located in this district.

2. **This Court Cannot Obtain *In Personam* Jurisdiction Over the Registrant of the Defendant Domain Names.**

This Court is unable to obtain *in personam* jurisdiction over the Registrant because the Registrant appears to be located in Iran, Afghanistan, or India and there is no evidence that the Registrant has sufficient contacts with the United States to trigger long-arm jurisdiction.[1] Consequently, personal jurisdiction over the Registrant does not exist, allowing this Court to exercise *in rem* jurisdiction. *Continental Airlines, Inc. v. CONTINENTALAIRLINES.COM*, 390 F. Supp.2d 501, 507 (E.D. Va. 2005).

---

[1] Based on the WHOIS information, the domain name ATLAS-CASPIAN.COM is purportedly registered to an entity located in the United States; however, the WHOIS information is false and fictitious and consists of the same contact email address as for various other Defendant Domain Names. The Court finds that the domain name ATLAS-CASPIAN.COM is owned by the same individual or entity that controls the other Defendant Domain Names, all of which are purportedly registered to registrants located outside of the United States.

### 3. The Evidence Establishes as a Matter of Law Each Element of Plaintiffs' Cyberpiracy Claim.

The ACPA provides: "A person shall be liable in a civil action by the owner of a mark...if, without regard to the goods or services of the parties, that person— (i) has a bad faith intent to profit from that mark...; and (ii) registers, traffics in, or uses a domain name that— (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark...." 15 U.S.C. § 1125(d)(1)(A).

#### i. The Defendant Domain Names are being used with "a bad faith intent to profit" from the ATLAS COPCO trademark.

The Defendant Domain Names are being used with "a bad faith intent to profit" from the ATLAS COPCO trademark pursuant to 15 U.S.C. § 1125(d)(1)(B)(i)(V), (VII) & (VIII). The Court further finds that the use of the Defendant Domain Names in conjunction with a phishing scam establishes "a bad faith intent to profit" from the ATLAS COPCO trademark.

#### ii. Plaintiffs' trademark was distinctive and strong at the time the Defendant Domain Names were registered.

Plaintiffs' trademark rights are established both by an incontestable trademark registration and by many decades of use in commerce throughout the United States and the world.

#### iii. The Defendant Domain Names are confusingly similar to Plaintiffs' trademark.

The Defendant Domain Names are being used to deceive and divert Internet users seeking genuine Atlas Copco-brand products or services. It is well established that intent to confuse gives rise to a presumption of confusion. As stated by the Fourth Circuit: "we presume that the person who sets out to infringe on another's trademark has more brains than scruples and will likely succeed." *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 38 U.S.P.Q.2d 1449, 1456 (4th Cir. 1996).

5

Even without a presumption of confusion, the Court finds that the Defendant Domain Names are confusingly similar to the ATLAS COPCO trademark. The similarity of two marks is determined by examining the "dominant or salient portions of the marks." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 936 (4th Cir. 1995). Where the "dominant" portion of the marks is "sufficiently similar in appearance," a finding of a likelihood of confusion is appropriate despite the fact that collateral portions of the mark may differ. *Id.* (affirming entry of injunction against use of name "Lone Star Grill" as an infringement of plaintiff's mark "Lone Star Steakhouse & Saloon").

The dominant portion of each of the Defendant Domain Names is "ATLAS COPCO" or "ATLAS." These "dominant" terms are paired with the generic terms "CASPIAN" and "IRAN," which are generic geographic terms that do not distinguish the Defendant Domain Names from the ATLAS COPCO trademark. An internet user might reasonably assume that the geographic term "CASPIAN" and "IRAN" were added to the ATLAS COPCO trademark by the Plaintiffs to identify its geographic location. *Accord Prime Publishers, Inc. v. Am.-Republican, Inc.*, 160 F. Supp.2d 266, 280 (D. Conn. 2001).

The dominant portions of the Defendant Domain Names are confusingly similar to the ATLAS COPCO trademark. This conclusion is further established by the fact that the Defendant Domain Names consisting of terms "Atlas" or "Atlas Copco" and "Caspian" or "Iran", as discussed in greater detail by Plaintiffs in the Verified Complaint, display (or displayed) a copy-cat website containing an infringing "Atlas Caspian" logo confusingly similar to the ATLAS COPCO trademark and linking to a "phishing site" containing the actual ATLAS COPCO trademark.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Plaintiffs' Motion for Summary Judgment and ORDERS:

A.   That VeriSign Global Registry Services change the registrar of ATLASCOPCOIRAN.COM, ATLASCASPIAN.COM, ATLASCASPIAN.NET, ATLASCASPIANIR.COM, ATLASCASPIANIRAN.COM, ATLASCASPIAN.CC, ATLASCASPIAN.TV and ATLAS-CASPIAN.COM to Network Solutions, LLC;

B.   That Public Interest Registry change the registrar of ATLASCASPIAN.ORG to Network Solutions, LLC;

C.   That NeuStar, Inc. change the registrar of ATLASCASPIAN.US and ATLASCASPIAN.BIZ to Network Solutions, LLC;

D.   That Network Solutions, LLC register the Defendant Domain Names in the name of Atlas Copco AB.

Entered this 8th day of January, 2008.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia

7